*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

THE PEPPLE OF GUAM,

    vs.

RICHARD JOHN ICHIHARA,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0037-98
CRIMINAL CASE NO. CF0051-99
CRIMINAL CASE NO. CF0223-98
(Consolidated)

**DECISION AND ORDER**

**INTRODUCTION**

This matter came before the Honorable James L. Canto II on Defendant's petition for post-conviction relief under the writ of error *coram nobis*. Having considered the Defendant's brief and the applicable law, the Court now issues the following Decision and Order.

**BACKGROUND**

On January 27, 2000, Defendant entered into a guilty plea for the following offenses: 1) Case No. CF0037-98 – Possession of a Schedule II Controlled Substance; 2) Case No. CF0051-99 – Possession of a Schedule II Controlled Substance; and 3) Case No. CF0223-98 – Possession of a Controlled Substance with Intent to Distribute. Defendant was adjudicated guilty, and sentenced to imprisonment for a term of five years with five years of probation with conditions.

On July 3, 2013, Defendant filed a petition for post-conviction relief under the writ of error *coram nobis*. Defendant argues that his guilty plea was involuntary, and therefore unconstitutional, because no record exists to show whether the court failed to elucidate the elements of the offense to the Defendant, and whether the court "failed to establish on the record that the conduct that the Defendant stipulated to…constituted the 'factual basis' of the crime Defendant was convicted." (Pet., 2-3, Jul. 3, 2013). In addition, Defendant argues that he received ineffective assistance of counsel when his lawyers failed to inform him of the real consequences of his plea. *Id.* at 8.

## DISCUSSION

**Writ of Error *Coram Nobis***

Post-conviction relief under the writ of error *coram nobis* is an "an extraordinary writ which is limited to situations where statutory remedies are unavailable or inadequate." *May v. People of Guam*, 2005 Guam 17 ¶ 17. Its power extends to correct errors of fact and egregious legal errors. *Id.* at ¶ 23. To qualify for *coram nobis* relief, a petitioner must show the following four requirements:

(1) a more usual remedy is not available;
(2) valid reasons exist for not attacking the conviction earlier;
(3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and
(4) the error is of the most fundamental character.

*Id.* at ¶ 24 (*citing Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). "Failure to demonstrate even one factor will disqualify a petitioner from obtaining coram nobis relief." *Id.* at ¶ 25.

Under the second requirement, the petitioner must present a valid reason for not attacking the conviction earlier. *Id.* at ¶ 24. "A policy argument behind the second requirement is that a delay in attacking the conviction is likely to result in an incomplete record after so many years, making it difficult for the government to respond." *May*, 2005 Guam 17 ¶ 27. Furthermore, the doctrine of laches protects against inexcusable delay which prejudices the government's ability to respond. *United States v. Darnell*, 716 F.2d 469, 481 n. 5 (7th Cir. 1983). The Supreme Court of California has found that a showing of diligence is a prerequisite for relief under a writ of error *coram nobis*:

It is well settled that a showing of diligence is prerequisite to the availability of relief by motion for *coram nobis*. One who applies for a writ of *coram nobis* upon a ground such as the one here presented, must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief…. We are of the view that where a defendant seeks to vacate a solemn judgment of conviction…the showing of diligence essential to the granting of relief by way of *coram nobis* should be no less than the similar showing required in civil cases where relief is sought against lately discovered fraud. In such cases it is necessary

to aver not only the probative facts upon which the basic claim rests, but also the time and circumstances under which the facts were discovered, in order that the court can determine as a matter of law whether the litigant proceeded with due diligence; a mere allegation of the ultimate facts, or of the legal conclusion of diligence, is insufficient.

*People v. Shorts*, 197 P.2d 330, 336-37 (Cal. 1948) (internal citations omitted).

In California, filing a petition for writ of error *coram nobis* three years after conviction has been found to have been untimely. *People v. Rodriguez*, 143 Cal.App.2d 506, 508 (Ct.App. 1956). .The Ninth Circuit has found that a valid reason for not attacking the conviction earlier exists when crucial facts to a conviction were simply not available until years later, because they were in a suppressed report which was not known until recent to the time of filing. *Hirabayashi*, 828 F.2d. at 605.

However, such a situation is not present before this Court. In this case, Defendant offers his argument over thirteen years after his 2000 conviction and does not provide any reason for not attacking the conviction earlier. Thus the Defendant has failed to meet his burden as articulated by the *Hirabayashi* court. For this reason, the Court finds that Defendant fails to demonstrate the second requirement necessary for a successful petition for writ of error *coram nobis*. Because the Defendant failed to fulfill a necessary requirement, Defendant is disqualified from obtaining *coram nobis* relief. *May*, 2005 Guam 17 ¶ 25.

Moreover, it bears repeating that the reviewable issues under the writ of error *coram nobis* are extremely limited. For instance, with respect to ineffective assistance of counsel claims, California courts have established that "[t]he lack of aid of counsel is not a basis for relief under a writ of error *coram nobis*." *People v. Gatewood*, 6 Cal.Rptr. 447, 449 (Ct.App. 1960); *People v. Soriano*, 240 Cal.Rptr. 338, 333 (Ct.App. 1987); *People v. Jennings*, Cal.App.2d 531, 533 (Ct.App. 1953) ("the question of whether a defendant's constitutional rights have been violated and his plea of guilty vitiated by a lack of effective aid of counsel at the trial cannot be determined by proceedings in the nature of a petition for a writ of error *coram nobis*."). In part, courts have held as much because there exist alternative means to raise a claim of ineffective assistance of counsel, such as by direct appeal or by petition for a writ of *habeas corpus*. In other words, a more usual remedy is available, and this stands as another

reason Defendant is disqualified from obtaining relief under a *coram nobis* petition. *Soriano*, 240 Cal.Rptr. at 333 (*citing People v. Pope*, 152 Cal.Rptr. 732, 740 (Ct.App. 1979)). Therefore, Defendant's claim that he was deprived of effective assistance of counsel in making his guilty plea is not an appropriate basis for relief by writ of error *coram nobis*.

For all of the above reasons, the Court finds that Defendant failed to demonstrate the requirements necessary for a successful *coram nobis* petition.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's petition for post-conviction relief under the writ of error *coram nobis* hereby DENIED.

SO ORDERED this _____6TH_____ day of January, 2014.


_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna Guam

JAN 0 7 2014

Roman F.P.Quinata
Deputy Clerk; Superior Court of Guam